UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rahmad Norman, | ) | C/A No. 8:12-2972-JMC-BM |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Steaven Fitzsimmons, | ) | |
| Defendant. | ) | |

Plaintiff Rahmad Norman, proceeding *pro se* and *in forma pauperis*, brings this action alleging a violation of his civil rights by Defendant Steaven Fitzsimmons. ECF No. 1, page 3. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, as Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth herein below that the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear



failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

The Complaint states that Plaintiff is an African-American, living in an apartment located at 442 Stanley Avenue, Unit P, Greenwood, South Carolina. ECF No. 1, page 3. On October 5, 2012, Plaintiff received a call from his landlord, Defendant Steaven Fitzsimmons, indicating that other residents had voiced complaints and called the police regarding noise and traffic at Plaintiff's apartment during the night hours. *Id.* Plaintiff informed the Defendant that there had been no such disturbances and contacted the City of Greenwood Police Department, which had no record of any "complaints made by any residents on file." *Id.* Plaintiff provided this information to the Defendant and further stated, "that the only thing [Plaintiff] could make out of all this was that maybe with [Plaintiff] being the only black in the [ ] complex that it could be some type of racial profiling." *Id.* Defendant allegedly responded, "'that's all ways [sic] the excuse' in a very nasty way" and indicated that, if the complaints were true, Plaintiff would be evicted for a violation of his lease agreement. *Id.* Plaintiff seeks monetary damages. *Id.* at 4.

Discussion

The Complaint alleges a violation of Plaintiff's civil rights by the Defendant, but fails to indicate any specific federal statute that has been violated. *Id.* at 3. Plaintiff's claims are not cognizable under 42 U.S.C. § 1983, because to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, purely private conduct, no matter how wrongful,

2



injurious or discriminatory is not actionable under § 1983. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982). Because the Complaint provides no facts to demonstrate that Defendant Fitzsimmons is a public employee or official, or in any way connected to "state action," any § 1983 claim Plaintiff may be alleging must be summarily dismissed.

Liberally construed, Plaintiff may be attempting to assert a claim under the Civil Rights Act, 42 U.S.C. § 1982, and/or the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA"), which prohibit racial discrimination in the leasing or rental of property.[1] However, to show a prima facie case of discrimination under these statutes, a plaintiff must demonstrate that the housing action or practice being challenged was either motivated by a discriminatory purpose or had a discriminatory impact. *See Betsey v. Turtle Creek Assocs.*, 736 F.2d 983, 986 (4th Cir. 1984)(discussing racial discrimination under the FHA); *see also Bank Realty, Inc. v. Practical Management Technology*, No. 90-2128, 1991 WL 97490 at *3 (4th Cir. June 11, 1991)(questioning whether a plaintiff's claims under § 1982 alleged "with sufficient specificity and allegations of fact," that the defendant's actions "were fueled by racial animus."). The instant Complaint contains no facts to indicate that the Defendant has taken any action to interfere with Plaintiff's ability to exercise his real property rights. Nor does the Complaint assert facts (as opposed to Plaintiff's mere speculation or conjecture) that any such action or interference by the Defendant, even if alleged, was motivated by a discriminatory purpose, or that any of the conduct alleged has had a discriminatory impact. This Court is not required to develop tangential claims from scant assertions in a complaint;

---

[1] 42 U.S.C. § 1982 states, "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." The FHA holds that it shall be unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race . . . ." 42 U.S.C. § 3604(b).

3



*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); and while Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, he must nevertheless allege facts that support a claim for relief. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Complaint's allegation that the Defendant responded to Plaintiff's proffered theory of racial profiling by neighboring residents in a rude or "nasty way," is insufficient to support a claim under the FHA or § 1982. *See Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir.1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the Complaint *without* prejudice and without service of process.

_____

November 6, 2012  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

